UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ELEVATE & CO., NV, LLC<br><br>　　　　　Plaintiff,<br><br>v.<br><br>THE MARK HOTEL OWNERS CORP.,<br>MARK OPCO LP, &<br>THE MARK HOTEL MANAGEMENT LLC<br><br>　　　　　Defendants. | Civil Action No.<br><br>**COMPLAINT** |

## COMPLAINT

Plaintiff Elevate & CO., NV, LLC ("Elevate") brings this Complaint for monetary damages and other relief against The Mark Hotel Owners Corp., Mark Opco LP, and The Mark Hotel Management LLC (collectively "Mark Hotel"). Elevate alleges as follows:

### NATURE OF ACTION

1.　This is an action for breach of contract and tortious interference with contractual relations in violation of New York law. Elevate seeks compensatory damages and Elevate's costs and attorneys' fees incurred in bringing this action.

### PARTIES

2.　Elevate is an international consulting firm that provides a variety of cross-cultural concierge services. It is a limited liability company organized and existing under the laws of the State of Nevada. Elevate has its principal place of business in Washington, D.C. Suzie Sims is the sole member of Elevate. Ms. Sims is a citizen of Washington, D.C.

3. On information and belief, Defendants operate The Mark Hotel located at 25 East 77th Street, New York, New York 10075 ("The Mark"). On information and belief, Defendants The Mark Hotel Owners Corp. and The Mark Hotel Management LLC are New York domestic companies organized and existing under the laws of New York and maintaining their principal places of business in New York, New York. On information and belief, Defendant Mark Opco LP is a partnership organized and existing under the laws of Delaware and maintaining its principal place of business in New York, New York. On information and belief, no member or partner of any Defendant is a citizen of Nevada or Washington, D.C.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 (2012).

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)-(c) (2012). On information and belief, Defendant is a corporation subject to personal jurisdiction in this district; and therefore, it is deemed to reside in this district. Moreover, a substantial part of the events giving rise to the claims occurred in this district.

## FACTS ENTITLING ELEVATE TO RELIEF

**A.     Elevate's Agreement with Mark Hotel**

6. Elevate entered into an agreement with Mark Hotel, under which Elevate was to arrange for its client, the Princess Noor Al Khalifa, to stay at The Mark for an extended period of time. In exchange for this service, Mark Hotel agreed to pay monthly commissions to Elevate of 10%.

7. Elevate fully performed its duties under the contract. Elevate coordinated for Princess Noor to stay at The Mark and signed an agreement with Mark Hotel on the Princess's behalf. Princess Noor stayed at The Mark for an extended period from approximately November 2015 to June 2016 pursuant to this agreement.

8. Mark Hotel paid commissions to Elevate under the contract for several months, totaling $98,708.50 in payments. Then, in March 2016, Mark Hotel ceased paying the commissions due to Elevate.

9. Elevate contacted Mark Hotel regarding the overdue commissions. Mark Hotel initially admitted that it owed Elevate $209,897.10 in commissions. The parties discussed arrangements for Mark Hotel to make the required payments, including Elevate providing Mark Hotel with Elevate's Bank of America account information. Mark Hotel, however, never made the additional, required payments.

10. After inordinate delays and inaction, Mark Hotel eventually claimed that it had paid the overdue commissions to Elevate. Mark Hotel provided email exchanges purportedly with Ms. Sims serially directing Mark Hotel to make the payments not to the Bank of America account, but to accounts held in names other than Elevate at three different accounts in two foreign countries (United Arab Emirates and Hong Kong). As was apparent on their face, the emails were not from Ms. Sims, but from a spoofed email account. Moreover, despite the fact that Mark Hotel conducted its correspondence with the spoofed account at the same time that Ms. Sims was repeatedly asking for updates on payment, Mark Hotel never confirmed with Elevate the highly-suspicious changed payment instructions.

11. Elevate has not received the overdue commission payments from Mark Hotel, which owes Elevate $205,893.10, plus a 3% monthly financing charge, for a total of $255,739.27 as of January 2017.

### B. Elevate's Agreement with Princess Noor

12. Elevate entered into an agreement with Princess Noor, under which Elevate arranged Princess Noor's stay at The Mark in exchange for commissions from Mark Hotel.

13. On information and belief, Mark Hotel knew of the agreement between Elevate and Princess Noor.

14. In the midst of the ongoing discussions over Mark Hotel's failure to pay Elevate the remainder of its commissions, Mark Hotel failed to timely provide Princess Noor with a refund of the taxes owed to her after her stay at The Mark. Mark Hotel then falsely blamed Elevate for the delay and, on information and belief, otherwise impugned Elevate's reputation with Princess Noor.

15. Mark Hotel's acts tarnished Elevate's reputation and caused Princess Noor to terminate her relationship with Elevate. She now stays at The Mark without using Elevate to coordinate her visits.

16. On information and belief, Mark Hotel's acts have been intentional and deliberate.

17. Mark Hotel's acts damaged Elevate's reputation and deprive it of the benefit of its agreement with Princess Noor.

## COUNT I:
## COMMON LAW BREACH OF CONTRACT

18. Elevate repeats and realleges the allegations set forth in paragraphs 1-17 above.

19. Mark Hotel's refusal to pay Elevate its outstanding commissions constitutes breach of contract because Mark Hotel and Elevate entered into a valid agreement, Elevate performed under that agreement, Mark Hotel has refused to pay Elevate the commission due and owing to Elevate, and Elevate has suffered monetary damages as a result of Mark Hotel's actions.

## COUNT II:
## COMMON LAW TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONS

20. Elevate repeats and realleges the allegations set forth in paragraphs 1-19 above.

21. Mark Hotel intentionally interfered with Elevate's contractual relations with Princess Noor. Mark Hotel knew of the valid agreement between Elevate and Princess Noor, refused to timely provide Princess Noor with a refund of her taxes, and falsely blamed Elevate for the delay and otherwise impugned Elevate's reputation with Princess Noor. As a result of Mark Hotel's acts, Princess Noor terminated her relationship with Elevate.

22. On information and belief, Mark Hotel's acts were intentional and deliberate.

23. Elevate has suffered reputational and monetary damages as a result of Mark Hotel's actions.

## PRAYER FOR RELIEF

In view of the foregoing, Plaintiff Elevate prays for the following relief:

A. **Monetary damages equivalent to:**

   (1) Elevate's damages caused by Mark Hotel's unlawful conduct, as described above;

   (2) All statutory and common law relief available; and

   (3) All costs and reasonable attorneys' fees incurred in connection with this action, plus appropriate interest thereon; and

   (4) Any punitive or enhanced damages available due to Mark Hotel's intentional and deliberate conduct; and

B. **Such other and further relief as the Court may deem just and proper.**

March 30, 2017

By: _____
*Vanessa Caballero*
*Clark & Fox*
*404 5th Avenue, 3rd Floor*
*New York, New York 10018*
*(646) 506-3048 (telephone)*
*Attorney for Plaintiff Elevate & CO., LLC*

<u>Of Counsel:</u>
Gregory M. Williams
Wiley Rein LLP
1776 K Street NW
Washington, DC 20006
T: 202.719.7000
F: 202.719.7049
gwilliams@wileyrein.com